UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

LOUIS R. RINALDI and ANDREA K. ZAMBRANO,

                    Plaintiffs

        -against-

KEVIN SYLVESTER, in his personal capacity and in his capacity as the former Chief of Police for the Village of Ossining, EMILY HIRSHOWITZ, in her personal capacity and in her capacity Police Officer for the Village of Ossining, STUART KAHAN, in his personal capacity and in his capacity as Corporation Counsel for the Village of Ossining, THE BOARD OF TRUSTEES FOR THE VILLAGE OF OSSINING, and THE VILLAGE OF OSSINING,

                    Defendants.

------------------------------------------------------------------X

**NOTICE OF REMOVAL**

Docket No: 24-cv-272

Defendants, by and through their attorneys, SOKOLOFF STERN LLP, as and for their Notice of Removal, set forth as follows:

1.      Plaintiffs commenced this action in the Supreme Court of the State of New York, County of Westchester on July 6, 2023. (A copy of the summons and verified complaint is attached as Exhibit A.) The Verified Complaint asserted state-law claims related to Plaintiffs' former employment by the Village of Ossining. It asserted no federal claims.

2.      In response to a motion to dismiss by Defendants, Plaintiffs filed an amended complaint on September 6, 2023. (A copy of the amended verified complaint is annexed hereto as Exhibit "B". The amended complaint asserted state-law claims related to Plaintiffs' former employment with the Village of Ossining. It asserted no federal claims.

1

3.    In response to another defense motion to dismiss, on January 9, 2024, Plaintiffs filed a cross-motion seeking permission to file a Second Amended Complaint, a copy of which is annexed hereto as Exhibit "C". The Second Amended Complaint asserts claims under 42 U.S.C. § 1983. *See* Cause of Action I (¶¶ 168-179), Cause of Action II (¶¶ 180-186), Cause of Action VI (¶¶ 207-219), Cause of Action VII (¶¶ 220-228), Cause of Action VIII (¶¶ 229-238).

4.    Plaintiffs in the motion seek to add claims for (1) damages under 42 U.S.C. § 1983 and (2) attorneys fees under 42 U.S.C. § 1988.

5.    The entire cross-motion to amend the complaint is annexed as Exhibit "D". Plaintiffs' memorandum of law relies on federal law in support of its motion. *See* Memo of Law, pp. 4-10.

6.    No further proceedings have been held in this action.

7.    This case, therefore, falls within this Court's federal question jurisdiction under 28 U.S.C. § 1331, which provides, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

8.    Defendants may remove this action under 28 U.S.C. § 1441(a), which provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

9.    28 U.S.C. § 1446(b)(3) provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, *motion*, order or other paper from which it may first be ascertained that the case is one which is or has become removable." (Emphasis added.) Removal is proper when a plaintiff responds to a motion to dismiss with a cross-motion to

amend the complaint by adding a federal claim. *See Neal v. Trugreen Ltd. Partnership,*, 886 F.Supp. 527 (D. Md. 1995) Thus, removal is timely and proper.

10.     The parties reside in Westchester County, and the alleged conduct giving rise to petitioner's claims occurred in Westchester County, which is within the Southern District of New York. Therefore, removal to the White Plains courthouse of the Southern District of New York is proper.

WHEREFORE, Defendants respectfully request that the above-captioned action/proceeding, pending in the Supreme Court of the State of New York, County of Westchester, be removed to this Court.

Dated:  Carle Place, New York
        January 12, 2024

                                        SOKOLOFF STERN LLP
                                        *Attorneys for Defendants*

                                        By:   BRIAN S. SOKOLOFF
                                              179 Westbury Avenue
                                              Carle Place, NY 11514
                                              (516) 334-4500
                                              File No. 230093

TO:     Abrams Fensterman, LLP
        Attorneys for Plaintiffs
        81 Main Street, Suite 400
        White Plains, NY 10601

        The Law Offices of Michael G. Santangelo PLLC
        Attorneys for Plaintiffs
        75 South Broadway
        White Plains, NY 10601

        **BY EMAIL**

3